Good morning, Your Honors. May it please the Court, Carolyn Wiggin from the Federal Defender's Office for Mr. Loftis, and I will do my best to reserve two minutes for rebuttal. Good. Your Honors, in the limited amount of time I have here this morning, I thought I would start by talking about the unreasonable nature of the California Court of Appeals decision, finding that there were adequate facts here to form a prima facie case of California second-degree murder. In California, implied malice second-degree murder requires a deliberate act with knowledge, subjective knowledge, that your act or your failure to act is likely to result in death. In this case, if we look at the only facts that are in the record, which is the probation report, we see that Mr. Loftis consumed drugs with Selena, realized she was having a bad reaction to the drugs, but there's no evidence he thought her life was in danger. Let me ask you this. Is that a question of California law, whether certain facts satisfy the California statute? I don't think it is, Your Honor. I think — well, in this case, we can look at what the California Court of Appeals decided, and I think that — But they're interpreting the California murder statute. I think there are — when the California courts say this is how we're defining our second-degree murder, then I do think they are entitled to define their second-degree murder. In this case, I don't think it was a matter of the California Court of Appeals purporting to redefine that or elaborate on the definition. I think what they did is they looked at the timeline in the probation report, and I think they made an unreasonable determination because — That may be, but why isn't that a question of California law? Well, I think, as I discussed in my reply brief, there are times when the California courts are speaking to what their law is. There are times when they're simply applying it. And this Court, in any habeas where it was looking at something like sufficiency of the evidence or whether a jury instruction was erroneous, anything involving a state law case, we have to acknowledge that California has definitions of certain things, elements of certain crimes. And I think the California Court of Appeals didn't purport to be changing the elements as defined by the California courts of second-degree murder in this case. I think what they did is they said they made an unreasonable factual determination when they said he knew as he was leaving he should take her to the hospital, but he didn't do it. I think if you read the probation report, he pretty clearly says, when I was leaving for the casino, it did not occur to me to take her to the hospital. So I think it's that factual error that led to their conclusion that this could be second-degree murder. So, Your Honors, I think that's one of the most important points I wanted to get out this morning. I also wanted to talk during this portion about the fact that I do think we're in a situation that has parallels with Alford and is controlled by Alford.  The question I have, you have to have clearly established Federal law, right, that some kind of factual basis is necessary. Is that your case, right? Right. When a person is not making an actual guilty plea, that's my intention. What is the case that you think Alford establishes that proposition? Yes. Can you point me to a language in Alford that says, you know, it's a holding in Alford that you have to have a factual basis? Well, I think in my briefs I probably quoted the portions of that that I think they said, and I can. Well, my problem is, you know, it's hard for me to find exactly how they say so. I suppose you could make some inferences and get there eventually, but I don't know if that means it's clearly established Supreme Court case law, see. So that's my question, really. How clear is Alford on that subject? Alford is the only Supreme Court case you really rely on, right? That's correct, Your Honor. I mean, of course, there's before that, there's in Boykin in 1969, the Court says, look, for these guilty pleas to be valid, we want information on the record that they're knowing and voluntary. Then the next year, 1970 in Brady, they have a situation where someone facing serious charges, I believe it's murder in that case as well, enters a guilty plea and then later complains, I was coerced because the reason I had to do it was I was facing the death penalty. And they say, that's not coercion. You made a knowing. Just because you're doing this to limit your risk of punishment, that's not coercion. Then they get to Alford where they have someone in the same situation entering his plea to avoid the death penalty, but in this case, he's not actually making an admission of guilt. And they say, well, for us to be sure that that is a knowing and voluntary plea, we want to know that there is actually a factual basis the State could at least make a prima facie case here. Otherwise, and they say, this is how trial judges can test whether these are knowing and voluntary, if they see for themselves that notwithstanding the person's refusal to actually say guilty in court, they can see, yes, there is a factual basis here. So we know that this is an intelligent choice this person has decided to make. Well, this is a – your case is a no will plea, right? Nope. It's not an Alford plea, is it? Well, it's all done in California courts. So the attorney says we're doing a West plea. And – Is it a West plea, a no will plea? Well, it is a no contest plea. The California courts and the Ninth Circuit have also said the West plea is California's version of the Alford plea. And to me, the material fact is that there's not a guilty plea. Well, there may be – I don't know. For some purpose, at least, there's a difference between an Alford plea and no will plea. But especially when you get to the point of, well, is some kind of a factual basis required? And Alford, I guess, is required because the defendant, you know, claimed he was innocent. There's no such claim in this case, right? No such claim was made during the plea proceeding. Well, he says – they say it's a West plea because he wants to avoid first-degree murder. And he says during the probation interview, I'm afraid I'm going to get the death penalty, which actually he believed was on the table, but I don't think it really was. But that's what he believes. And he says during probation interview, I think this was an overdose. So – But he never claimed to be innocent, which is, you know, Alford expressly did. My argument relies on the fact that the material point in Alford is not saying you're guilty in court, not actually entering that guilty plea. No, I'm getting to the holding in Alford that's clearly established Supreme Court case law that applies to this case. That's why I say Alford was decided in the context of a defendant who claimed he was innocent. He says, well, Judge, I'm innocent, but I'm pleading guilty to avoid the death penalty. This defendant didn't say that. He didn't say I'm innocent. Yes, and my interpretation of Alford, and I will agree that that's the interpretation I'm forwarding in this case, is that the Supreme Court said the problem in Alford is that usually guilty pleas where you're waiving your trial rights and you're admitting you're your own witness against yourself, usually the fact that we can enter this judgment without a jury trial is because you agreed to waive jury trial and you were the witness against yourself. You pled guilty. Here we have someone who didn't plead guilty, and I think the lack of the guilty plea is what Alford stands for and not whether the words are NOLO, no contest, or I'm entering a plea. Well, when you say you think it stands for it, and you could be right, but is that the same as clearly established law under AEDPA? I think so. I think you can, if you read Alford. I've read it several times. I don't see what you're saying there. It's all these inferences, you know, because of the unusual factual situation in Alford. Well, to me, when I read Alford, I think there's a long discussion of why is it problematic that this person didn't actually plead guilty. Why can courts do this? And so to me what they're focusing on is why are we going to say this is voluntary and knowing when the person hasn't pled guilty, and they reason it out. And I think a pillar of the reasoning is that there was an independent factual basis. A police officer testified in court about the state's case. And, of course, here we don't have anything in the record. You've got just a few seconds left. Okay. Thank you very much. Thank you very much. Good morning. Good morning. May it please the Court, Barton Bowers, Deputy Attorney General, on behalf of the Warden. Mr. Loftus's position is that a court must take a factual basis on the record whenever a defendant enters a no-contest plea. That position would come as a surprise to the drafters of the Federal Rules of Criminal Procedure because it would render Rule 11 unconstitutional. The Supreme Court has never held that a court must elicit or establish a factual basis at the time of a no-contest plea. And here's why. Because a defendant, when he waives his constitutional rights, enters a plea of no-contest, but does not at the same time insist that he is innocent, that plea presents no issue of voluntariness. How about if he says he is innocent? That's the Alford. He enters an Alford plea. That was the situation in Alford. Okay. Let's stop there. Ms. Wiggins says that California says West is the same as Alford. And in this case, the lawyer says my guy's pleading guilty pursuant to West. So why doesn't an Alford logic apply? Well, we're actually speaking about three different types of plea, and I'll try to categorize them quickly. The first is a guilty plea that expressly admits guilt to the crime. That's not what we have. Another, at the other extreme, is the situation in Alford, which is a plea of no-contest that is accompanied by a claim of innocence. That's not the situation we have here. We have something in the middle, which is a no-contest plea which admits the well-pleaded facts of the charge, but does not at the same time expressly admit guilt. The second type of plea is a no-contest plea pursuant to West. What does that mean? West was a case decided in the late 60s in California, basically validating the no-contest procedure in that state. Isn't there a California case that says West is the Alford analog? Yes, but the categories are slippery because it is not the same in California when you are pleading no-contest to that charge. And, in fact, under California law... Well, I guess what I'm asking you is, is there a difference between pleading no-contest and pleading no-contest pursuant to West? Not that I'm aware of. What's the point of saying, invoking West, which is the Alford analog? My recollection is West was decided before California Penal Code 1016 and 1192.5 were revised, which require a factual basis for a no-contest plea. I can't answer the Court's question, but my point is that a no-contest plea by itself in California does not contain an assertion of innocence. And under 1016 of the California Penal Code, a felony no-contest plea is the same as a guilty plea for all purposes in terms of the criminal case. And that's also the teaching of Alford. There is no meaningful constitutional distinction between a plea that admits guilt on the one hand and a plea that does not expressly admit guilt on the other, where the defendant does not say that he is innocent of the crime. And that was the teaching of Alford, that an express admission of guilt is not a constitutional requisite to the imposition of criminal penalty. And that's exactly what we have in this case. It's not just that Alford said that when there's a plea of no-contest, there must be a factual admission of guilt. A major pillar of Alford was the claim of innocence. That was the whole point of the Court's discussion towards the latter half of the case about what the meaning was and why the Court was correct in engaging in development of a factual basis. But that's what makes Alford entirely distinguishable. And in fact, the Court in Alford said in its discussion of the no-contest cases that were it not for the assertion of innocence, there is no issue that Alford presented that could not be resolved under those prior cases. Well, it seems to me the question here, which I think Judge Tillerman has been trying to get at, is when a defendant in a California State court enters a plea pursuant to West, right, I guess we could say no-contest pursuant to West, as he said here, right, I'm pleading pursuant to West. Is that, by law, a claim of innocence? I don't believe it is, Your Honor. Well, it could be looked at that way, can't it? Well, but under Supreme Court law, the Supreme Court has recognized that people may plead no contest or even guilty despite factual innocence. Well, that's what the Alford plea was. That's the problem here. In other words, the plea was guilty, but still the defendant says I'm pleading guilty, but I'm innocent, right? Yes. And so the question here, just as in Alford here, by invoking West, is the defendant making an assertion of innocence? I don't believe so, Your Honor. Now, the absence of Supreme Court law in this case means that his claim cannot prevail because Alford represents the fact that when you assert innocence and no contest, there must be a factual basis, but that is a major distinction between that case and this one. And for that reason alone, the State court's decision was reasonable. But, of course, even putting that aside, the court of appeal found that there was a sufficient factual basis in the record supporting a finding of guilt of second-degree murder under California law. Turning to the second issue, Mr. Loftus admits he failed to exhaust his second claim, that his plea was not knowing and voluntary. So the district court correctly dismissed that. The claim is not colorable, and it should be denied. The district court correctly denied the petition, and we would ask that the court affirm the judgment. I'm happy to entertain any further questions from the Court. I don't think so. Thank you very much. Thank you. Thank you very much. Ms. Wiggin, you had only 15 seconds or so left. Thank you very much. And I will just refer the Court, in my closing, to page 12 of my opening brief, where I talk about the California Supreme Court case saying that California's plea is equivalent of an Alford plea, and then Alford's discussion that there's no constitutionally significant difference between a no-contest plea and an Alford plea. Thank you very much. Thank you, Ms. Wiggin. Mr. Bowers, thank you. The case just argued is submitted. Good morning.
judges: Adelman, Tashima, Silverman